FREIDAY v. COWDIN et al.

United States District Court
S. D. New York, Civil Division.
April 12, 1949.

Milton Pollack, of New York City (Pomerantz, Levy, Schreiber & Haudek and William E. Haudek, all of New York City, of counsel), for plaintiff.

H. G. Pickering, of Mudge, Stern, Williams & Tucker, all of New York City (John Wallis and Robert E. Walsh, both of New York City, of counsel), for defendant Cowdin.

Bijur & Herts, of New York City, for Intervenor.

RYAN, District Judge.

Three motions have been made: (1) The individual defendant, Cowdin, moves to vacate and set aside service of the summons and complaint on him on the ground that he is exempt from suit in this cause in this district; (2) Raphael Dalva moves to intervene as party-plaintiff; and (3) plaintiff moves to consolidate this action with that commenced by Stephen Truncale against Universal Pictures Co., Inc. (No. C.41—783), in which Freiday has intervened as party-plaintiff. The motions will be considered and disposed of in this order.

1. The action is a stockholder's derivative suit on behalf of the corporate defendant, in which jurisdiction is based on diversity of citizenship. Plaintiff, Freiday, is a citizen and resident of New Jersey. Defendant, Cowdin, is a citizen and resident of California, although he was served with process within the jurisdiction of this court. Universal Pictures Co., Inc. is a Delaware corporation with its principal place of business in New York City, and is licensed to do business in this state.

A stockholder's derivative suit may be prosecuted in any judicial district where the corporation could have sued the same defendants. 28 U.S.C.A. § 1401. The issue on the venue motion thus is narrowed down to the question: Could the corporate defendant have sued J. Cheever Cowdin in this district?

Section 1391(c) provides:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." 28 U.S.C.A.

Cowdin contends that this section applies only to corporations as defendants and does not refer to actions by a corporation as a plaintiff. With this contention we do not agree. Consideration of the entire section reveals an intent on the part of Congress to deal comprehensively with the subject of venue. Section 1391(a) provides that in diversity suits the action may be brought in the district where all plaintiffs or all defendants "reside." Section 1391(b) deals with defendants in non-diversity suits. Section 1391(c) concerns corporations and the venue of actions involving corporations generally, both as plaintiffs and defendants. Section 1391(d) deals with alien defendants.

To give full effect to the words "and such judicial district shall be regarded as the residence of such corporation for venue purposes," one must conclude that they refer to both plaintiff and defendant

518

corporations. To conclude otherwise one would have to attribute to Congress the anomalous intent to define the residence of corporate defendants but not that of corporate plaintiffs. Under such interpretation, there would be nothing in the Code defining the residence of corporate plaintiffs under Section 1391(a). Furthermore, corporations would be amenable to suit in jurisdictions in which they were licensed to do business or were doing business, but they could not sue as plaintiffs in those very same districts unless all defendants were residents of that district.

No cases interpreting Section 1391(c) have been cited, nor have we found any. A comment on the new Code discussing Section 1391(c) concludes:

" * * * And since the district where the corporation does business is deemed to be 'the residence of the corporation for venue purposes,' the corporation would apparently be able to sue in such a district as a plaintiff when federal jurisdiction is based solely on diversity." 60 Harv.L. Rev. 424, 435.

That this constitutes a change in the former rules of venue cannot be doubted. Indeed, Professor Moore in 3 Moore's Federal Practice, sec. 19.04 (pp. 2142–3) in commenting on the corporate residence part of Section 1391(c) says: "This latter provision changes the former practice, under which a corporation was a resident of only one district." But the change appears to be in line with the Congressional intent to liberalize the statutes dealing with venue, while reserving the right to the courts to transfer actions which have been laid in the wrong forum. 28 U.S.C.A. §§ 1404, 1406.

The motion to vacate and set aside service of process is denied.

2. One Raphael Dalva moves to intervene as an additional party-plaintiff in this action, under Rule 24, Federal Rules of Civil Procedure, 28 U.S.C.A. The grounds of the motion are that the representation of his interests by the existing plaintiff is or may be inadequate and that he may be bound by a judgment in this action. Dalva is a citizen and resident of New York. His motion apparently was intended to cure any venue defects raised by the motion of Cowdin. His complaint is similar in substance to that already filed herein by Freiday, and in fact incorporates much of it by reference.

From the nature of plaintiff's action it is one brought for himself and all other stockholders similarly situated, for and on behalf of the corporate defendant. There is no reason to assume that Dalva's interests will not be adequately represented by plaintiff. Dalva has shown no facts to sustain such a conclusion. Since we have denied the motion addressed to the venue, there is no necessity for granting the motion to intervene. Motion denied.

3. The motion to consolidate this action with that started by Stephen Truncale against Universal Pictures Co., Inc., is granted. The subject matter of the two actions is identical and the proof will also be the same in each of them. Depositions before trial, trials and other attendant circumstances will be duplicated if consolidation is not granted. It will be more expeditious for the court, the parties and their counsel to try both actions at the same time.

Settle order on notice.