

Kelley, Drye, Newhall & Maginnes, New York City, for plaintiff. Theodore Pearson, Hewitt A. Conway, New York City, of counsel.

White & Case, New York City, Amici Curiae. Josiah Willard, David Hartfield, Jr., John A. Garvey, Jr., New York City, of counsel.

J. Edward Lumbard, U. S. Atty. for Southern Dist. of N. Y., New York City, for defendant. J. Donald McNamara, Asst. U. S. Atty., New York City, of counsel.

**SOUTHERN PAPERBOARD CORPORA-TION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court, S. D. New York.

Jan. 26, 1955.

DIMOCK, District Judge.

This is an action by a Delaware corporation to recover internal revenue stamp taxes from the United States.

The United States moves to dismiss the complaint pursuant to Rule 12(b) (3) F.R.C.P., 28 U.S.C., on the ground that the action has been brought in the wrong district. It bases its position upon one of the venue provisions of Title 28 of the United States Code. That provision is section 1402 which provides, in substance, that these actions to recover internal revenue taxes "may be prosecuted only in the judicial district where the plaintiff resides."

The old law was that for venue purposes the residence of a corporation was only in the state and district in which it had been incorporated. Suttle v. Reich Bros. Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614. Plaintiff contends that this rule was changed by the adoption in 1948 of section 1391(c) of Title 28 of the United States Code. That section provides

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Plaintiff contends that since it is doing business in this district, this district must be regarded as its residence for venue purposes.

The Government argues in effect that the clause "and such judicial district shall be regarded as the residence of such corporation for venue purposes" is nothing but a repetition of the first part of subdivision (c) and that the district where a corporation is doing business may be regarded as its residence only for the purpose of fixing the venue of suits brought against it and not for the purpose of fixing the venue of suits brought by it. I do not feel at liberty to attribute to Congress any such tautology. The statute first gives permission to sue a corporation in any district where it is incorporated or licensed or doing business. It then declares that such district shall be regarded as its residence. No one has suggested any reason for that declaration unless it was to give permission to the corporation to sue others in such district in addition to the previously given permission given to others to sue the corporation in any such district.

■■ I therefore conclude that under section 1391(c) a district where a corporation is licensed to do business or is doing business is the proper venue for an action brought by the corporation as well as for an action brought against the corporation. In this conclusion I am supported by the decision of Judge Ryan of this district in Freiday v. Cowdin, 83 F.Supp. 516; Hadden v. Barrow, Wade, Guthrie & Co., D.C.N.D.Ohio, 105 F. Supp. 530; Phillips v. Pope & Talbot, Inc., D.C.S.D.N.Y., 102 F.Supp. 51; Mincy v. Detroit & Cleveland Navigation Co., D.C.S.D.N.Y., 94 F.Supp. 456; Bagner v. Blidberg Rothchild Co. Inc., D.C. E.D.Pa. 84 F.Supp. 973; and Ralston Purina Co. v. U. S. A., D.C.E.D.La., 1952 A.M.C. 1496.

Opposed to my conclusion is Chicago & Northwestern Ry. Co. v. Davenport, D.C.S.D.Iowa, C.D., 94 F.Supp. 83.

■ The Government relies heavily on United Merchants & Manufacturers v. United States, D.C.M.D.Ga., Athens Division, 123 F.Supp. 435. There the court found it unnecessary to decide whether the above quoted section 1391 (c) permitted in the ordinary case a corporation to sue in the district where it was authorized to do business or was doing business. The court there pointed to section 1402 above referred to which says that, in cases where the United States is a defendant in these actions to recover internal revenue taxes, the action "may be prosecuted only·in the judicial district where the plaintiff resides." It is said that the use of the expression "the judicial district" indicates that there is only one judicial district in which a corporation may bring one of these actions against the Government. The argument is that Congress, if it intended to permit these suits not only in the district where a corporation was incorporated but also in a district where it was licensed or in a district where it was doing business, would have used different language. The thought must be that Congress, instead of saying "in the judicial district where the plaintiff resides", would have said "in any of the judicial districts where the plaintiff resides". There is internal evidence in the statute that Congress would have done no such thing. The very provision with which we are here concerned, section 1391(c), says that a corporation may be sued in any one of the three districts and

then continues, in the singular number, "and such judicial district shall be regarded as the residence of such corporation for venue purposes." I thus reject the argument that section 1402(a) creates a special restriction for suits against the Government such as this to the effect that they must be prosecuted in the district of incorporation of the plaintiff.

The motion to dismiss is denied.