The STANDARD INSURANCE COM-PANY, a corporation, Plaintiff,

v.

Billy Oliver ISBELL, Defendant.

Civ. A. No. 1172.

United States District Court
E. D. Texas, Sherman Division.

Sept. 7, 1956.

Fred K. Newberry and Royal H. Brin, Jr. (of Strasburger, Price, Kelton, Miller & Martin), Dallas, Tex., for plaintiff.

Shirley M. Helm (of Helm & Jones), Houston, Tex., for defendant.

SHEEHY, Chief Judge.

Plaintiff instituted this suit in this Court and division seeking to set aside a final award and decision made by the Industrial Accident Board of the State of Texas on March 26, 1956, under the terms of which award and decision plaintiff was ordered and directed to pay to defendant certain workmen's compensation benefits under the Workmen's Compensation Law of the State of Texas.[1] The plaintiff alleges in its complaint that it is a corporation organized and existing under and by virtue of the laws of the State of Oklahoma, that it has a permit to do business in the State of Texas, that the defendant is a resident and citizen of Montgomery County, Texas, and that the amount in controversy herein exceeds the sum of $3,000 exclusive of interest and costs.

The matter now before the Court is the defendant's motion to dismiss for improper venue. As grounds for the motion defendant contends that, since jurisdiction of this Court is invoked solely under the provisions of Title 28 U.S.C.A. § 1331 because of the diversity of citizenship between the parties and the amount in controversy, venue of this cause is not properly in this district because neither the plaintiff nor the defendant resides in this district.

Defendant is a resident and citizen of Montgomery County, Texas, which county is not in this district but is in the Southern District of Texas. Defendant's personal injury forming the basis of the award and decision of the Industrial Accident Board of the State of Texas, above referred to, occurred in Grayson County, Texas, within this district and division. The defendant has in nowise controverted the allegations in plaintiff's complaint to the effect that plaintiff is an Oklahoma corporation and has a permit to do business in the State of Texas. Attached to plaintiff's brief opposing defendant's motion to dismiss for improper venue is an affidavit of one of the attorneys of record for plaintiff wherein it is stated, in effect, that plaintiff has a lawful permit to do business in the State of Texas, including this district, and that it is, in fact, doing and carrying on its business, namely the insurance business, in this district. This affidavit is not controverted or otherwise contested by the defendant. Therefore, for the purposes of the motion now before the Court it will be assumed that the plaintiff is a corporation incorporated under and by virtue of the laws of the State of Oklahoma, that it has a permit to do business in the State of Texas, and that at all pertinent times it was and is doing business within this district.

The Workmen's Compensation Law of Texas provides, in effect, that any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board of the State of Texas shall, after giving appropriate notice, bring suit in the county where the injury occurred to set aside said final ruling and decision, and in the event such suit is brought in any county other than the county where the injury occurred, the Court in which same is filed shall, upon ascertaining that the suit was not brought in the county in which the injury occurred, transfer the case to the proper court in the county where the injury occurred.[2]

In so far as jurisdiction is concerned, as distinguished from venue, there is no question but what this Court has jurisdiction of this case.[3] The question presented by the motion is purely one of venue.

The plaintiff contends that venue is properly in this district and division because: (1) The county where defendant

---

1. Title 130, Vernon's Civil Statutes of Texas, Annotated, § 8306 et seq.

2. Art. 8307a, Vernon's Civil Statutes of Texas, Annotated.

3. Ellis v. Associated Industries Ins. Corp., 5 Cir., 24 F.2d 809.

received the injury forming the basis of his claim for workmen's compensation benefits is in this district and division, and (2) plaintiff is a resident of this district for venue purposes.

 Since jurisdiction of this Court of this action is founded only on diversity of citizenship, venue is in this district only if either the plaintiff or the defendant resides in this district.[4] If neither the plaintiff nor the defendant resides in this district, the fact that defendant's injury occurred in this district and division would not of itself place the venue of this action in this district and division, because as stated by the U. S. Court of Appeals for the Fifth Circuit in Murphree v. Mississippi Publishing Corporation, 149 F.2d 138, 140, "It is hornbook law that where a federal statute fixes venue of the federal courts, state laws are inapplicable."

Prior to the adoption in 1948 of Sec. 1391(c) of Title 28 U.S.C.A. the residence of a corporation for venue purposes was the state and district in which it had been incorporated.[5] Said Sec. 1391(c) provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, *and such judicial district shall be regarded as the residence of such corporation for venue purposes.*" (Emphasis supplied.)

Do the provisions of Sec. 1391(c) fixing the residence of a corporation for venue purposes apply only to corporations as defendants or do they also apply to corporations as plaintiffs? Apparently, neither a Circuit Court of Appeals nor the Supreme Court has passed on this question, but a number of district courts have. Of the cases in which a district court has interpreted Sec. 1391(c) as applying not only to corporations as defendants but also to corporations as plaintiffs are Freiday v. Cowdin, D.C., S.D.N.Y., 83 F.Supp. 516; Hadden v. Barrow, Wade, Guthrie & Co., D.C.N.D. Ohio, 105 F.Supp. 530; Southern Paper-

board Corporation v. United States, D.C. S.D.N.Y., 127 F.Supp. 649; and Eastern Motor Express v. Espenshade, D.C.E.D. Pa., 138 F.Supp. 426. The only case I have found in which a district court has given a contrary interpretation is Chicago & North Western Ry. Co. v. Davenport, D.C.S.D.Iowa, 94 F.Supp. 83, vacated on other grounds, D.C., 95 F.Supp. 469.

Defendant in support of its contention that Sec. 1391(c) applies only to a corporation as defendant relies heavily on Olberding v. Illinois Central Railroad Co., Inc., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39. A careful study of the opinion in that case reflects that the Supreme Court did not either mention, consider or interpret said Sec. 1391(c). This appears clearly from the following statement made by the court in that case: "It is not claimed that either the corporate plaintiff or the individual defendant here was a 'resident' of Kentucky." 346 U.S. 340, 74 S.Ct. 85.

 I find myself in accord with the views of the judges who in the district court cases, above cited, held that the provisions of Sec. 1391(c) " * * * and such judicial district shall be regarded as the residence of such corporation for venue purposes." apply to a plaintiff corporation as well as to a defendant corporation, and I am in complete accord with the reason for such holding as given by Judge Freed in Hadden v. Barrow, Wade, Guthrie & Co., supra.

 Since the plaintiff corporation has a permit to do business in the State of Texas and is doing business in this district, the plaintiff is a "resident" of this district for the purposes of venue and this action was properly instituted in this district and division.

Defendant's motion to dismiss for improper venue will be overruled.

My colleague on the bench in this district, Judge CECIL, has authorized me to state that he concurs in this opinion.

4. Title 28 U.S.C.A. § 1391(a).

5. Suttle v. Reich Bros. Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614.