The NEBRASKA–IOWA BRIDGE COR-
PORATION, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 0444.

United States District Court
D. Nebraska.

Jan. 21, 1958.

Clayton Byam of Webb, Kelley, Green
& Byam, Omaha, Neb., for plaintiff.

Robert H. Berkshire, Asst. U. S. Atty.,
Omaha, Neb., for defendant.

ROBINSON, Chief Judge.

This is an action by a corporate tax-
payer for the recovery of federal income
and excess profits taxes alleged to have
been erroneously or illegally assessed and
collected. The complaint was filed in this
district pursuant to Section 1346(a) (1),
Title 28 U.S.C. The present matter is a
motion to dismiss on the ground of im-
proper venue. The Government relies
upon Section 1402(a) of the Judicial
Code, which provides that any civil ac-
tion against the United States under sub-
section (a) of Section 1346 may be pros-
ecuted only in the judicial district where
the plaintiff resides. The pleadings re-
veal that the plaintiff is a corporation
organized under the laws of the State of
Delaware. Citing the familiar line of
cases commencing with Shaw v. Quincy
Mining Co., 145 U.S. 444, 12 S.Ct. 935,
36 L.Ed. 768, to the effect that, for venue
purposes, a corporation is a resident only
of the state wherein it was incorporated,
the government contends that the plain-
tiff has chosen the wrong forum for a
hearing and, if it is to be heard at all, the
suit must originate in the district court
of Delaware.

The plaintiff counters, howev-
er, with the proposition that Section 1391
(c) of the Code, adopted after these cas-
es arose, has altered the venue rule gen-
erally with respect to corporations. This
section reads: "A corporation may be
sued in any judicial district in which it
is incorporated or licensed to do business
or is doing business, and such judicial
district shall be regarded as the residence
of such corporation for venue purposes."

There is no doubt that Section 1391(c) has altered the ruling in Shaw v. Quincy Mining Co. et sequentes to the extent that in an action *against a corporation,* any district in which it is incorporated or licensed to do business or doing business will be regarded as its residence for venue purposes. But it remains to be determined authoritatively whether this subsection has sufficiently broadened the concept of residence for venue purposes to permit a foreign corporation *to bring* an action in a district in which it is licensed to do or is doing business—that is to say, in a district other than that in which it is incorporated.

Thus far district courts alone have recorded their judgment on this question, and a review of the cases reveals a distinct conflict. The District Courts of Ohio and Texas and one judge of the Eastern District of Pennsylvania have followed the holding of the District Court for the Southern District of New York, which considered that the clause "and such judicial district shall be regarded as the residence of such corporation for venue purposes" applies whether the corporation is a plaintiff or a defendant. Freiday v. Cowdin, D.C.N.Y.1949, 83 F.Supp. 516; Southern Paperboard Corp. v. U. S., D.C.N.Y.1955, 127 F.Supp. 649; Hadden v. Barrow, Wade, Guthrie & Co., D.C.Ohio 1952, 105 F.Supp. 530; Standard Ins. Co. v. Isbell, D.C.Tex.1956, 143 F.Supp. 910; and Eastern Motor Exp. v. Espenshade, D.C.Pa.1956, 138 F.Supp. 426. But the District Courts for the Southern District of Iowa, Middle District of Georgia, and the Middle District of Tennessee, and one judge of the Eastern District of Pennsylvania have refused to follow the New York holding, ruling instead that a corporate plaintiff is not regarded as a resident for venue purposes of every district in which it is licensed to do business or is doing business. Chicago & N. W. Ry. Co. v. Davenport, D.C.Iowa 1950, 94 F.Supp. 83; United Merchants & Manufacturers, Inc, v. U. S., D.C.Ga.1954, 123 F.Supp. 435; Albright & Friel, Inc., of Del. v. U. S.,

D.C.Pa.1956, 142 F.Supp. 607; and United Transit Co. v. U. S., D.C.Tenn.1957, 158 F.Supp. 856.

The observation is inescapable that both parties have presented substantial and persuasive arguments, whose respective merits are exceedingly close or evenly balanced at many points. We have concluded, however, from a careful reading of all the cases, that this court should follow the Chicago & N. W. Ry. Co. line of cases, which denies that venue is proper in this district. We take it that the principal logic of the contrary position lies in a failure to account for the presence of the clause "and such judicial district shall be regarded as the residence *of such corporation* for venue purposes" (emphasis supplied) in any more adequate a manner. When read as a whole, however, the subsection can readily be understood to restrict itself to the venue of a corporation being sued, anomalous a situation as that is. But in an effort to surmount this difficult situation, it is questionable whether the plaintiff can properly ignore the italicized words. Simply as a matter of syntax, the words "and such corporation" must refer to the first part of the subsection, that is, to "the corporation (which) is being sued". Cf., Albright & Friel, Inc. of Del. v. U. S., supra, 142 F.Supp. at page 608. This clause, then, is not autonomous, although it is hardly wise for this reason to say that it is redundant. We simply say that the subsection cannot be dissected in order to achieve the plaintiff's purposes, and, when taken as a whole, the proposed construction cannot be borne out. The intendment of the statute may possibly have been merely to avoid the seemingly incongruous situation of residence by a corporate defendant for jurisdictional, but not for venue, purposes. Suttle v. Reich Bros. Construction Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614.

We are mindful of the genuine inconvenience our ruling will cause the plaintiff. The practicalities of the situation strongly suggest that the case should be

held for trial in this district. The plaintiff's principal-indeed, only-place of business is in Nebraska. The management of the corporation, including all of those who would be called upon to testify, reside here. The accountant who audits the books and prepares the returns has his office here. The taxes which are the subject of this suit were paid here. The claims for refund were processed through the office of the District Director in Omaha. By all logic the place where the plaintiff is required by law to file its returns and pay its taxes should also be the place where it ought to commence its suit for a refund of those taxes, should it be established that they were erroneously or illegally paid. It is only sensible that residence for taxation and venue purposes should coincide; or, more specifically, be in the District in which the plaintiff has its principal place of business. Nevertheless, this is not the rule, and at the present the government has a defense of improper venue, irrespective of the consideration that by so asserting it, the government will effect nothing but an inconvenience to the plaintiff, with no apparent advantage to itself. Even the element of deterrence is precluded by the dimensions of the case. Thus, lightly as the defense of venue can be waived, Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, once it has been timely asserted, no defense commands a greater respect, Suttle v. Reich Bros. Construction Co. supra.

Therefore, the government's motion will be sustained. We feel obliged, nevertheless, by reason of the mitigating circumstances reviewed above, to lighten the plaintiff's burden to the extent we can. If the plaintiff should prefer a transfer rather than a dismissal, we will order, in the interests of justice, a change of venue pursuant to Section 1404(a) to the United States District Court for the District of Delaware. In such a case, counsel for the plaintiff should prepare and submit a suitable order within 10 days. Otherwise, counsel should promptly advise the United States Attorney or his assistant, who, within 10 days thereafter, should submit an order of dismissal.

Motion to dismiss sustained with direction.