**ROBERT E. LEE & CO., Inc., and Dixie Construction Company of Georgia, Inc., Plaintiffs,**

**v.**

**Nathan Thomas VEATCH and Thomas B. Robinson, doing business as Black & Veatch, Defendant.**

**No. CA/2883.**

United States District Court
W. D. South Carolina,
Greenville Division.

March 25, 1961.

Wesley M. Walker and Fletcher C. Mann, Greenville, S. C., for plaintiffs.

David L. Freeman (Watkins, Vandiver, Freeman & Kirven), Anderson, S. C., Hitch, Miller & Beckmann, Savannah, Ga., for defendant.

WYCHE, Chief Judge.

The Defendant in this action is alleged to be an unincorporated association of engineers engaged in a business partnership under the name and style of Black and Veatch. The offices of the Defendant are alleged to be in Kansas City, Missouri. The members of the partnership are alleged to be from Kansas City. By the sixth paragraph of the Complaint the

Plaintiffs allege that the Defendant is doing business in Greenville County in the Western District of South Carolina, and that for many years past the Defendant has done business in South Carolina, having performed engineering services for the Cities and Commissions of Greenville and Greenwood involving the expenditure of millions of dollars.

The Defendant, claiming lack of venue, moved to dismiss the action.[1] Following this motion, however, the Plaintiffs amended their Complaint.

The Plaintiffs have alleged in the first paragraph of the Complaint as finally amended that the Plaintiff Robert E. Lee & Co., Inc., a South Carolina corporation, with its principal place of business in Manning, Clarendon County, " * * * was, at all times hereinafter mentioned, and is, engaged in the general construction business, being licensed to do business and doing business in Greenville County in the Western District of South Carolina."

The same allegation is made by the second paragraph of the Amended Complaint as to Dixie Construction Company of Georgia, the other Plaintiff, a Georgia corporation.

1. On the ground that it has been instituted in the wrong District because (a) The jurisdiction of this court is invoked solely on the ground of diversity of citizenship under the Constitution and laws of the United States; (b) The plaintiffs, Robert E. Lee & Co., Inc., is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in Manning, Clarendon County, South Carolina; (c) The Plaintiff, Dixie Construction Company of Georgia, Inc., is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Savannah, Chatham County, Georgia; (d) The Defendants, Nathan Thomas Veatch, and Thomas B. Robinson are individuals residing in Kansas City in the State of Missouri; (e) Neither the Plaintiffs nor the Defendants are residents of the Western District of the State of South Carolina; (f) 28 U.S. C.A. 1391(a) confines all diversity of citizenship actions to the judicial district where all Plaintiffs or all Defendants reside; (g) 28 U.S.C.A. 1391(c) provides that a corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes, but 28 U.S.C.A. 1391(c) does not apply and provide an exception to a corporation for venue purposes to sue as a party Plaintiff in any such judicial district. (h) 28 U.S.C.A. 1391(a) is exclusive for venue purposes with respect to corporate Plaintiffs in civil actions wherein jurisdiction is founded only on diversity of citizenship. (i) The Defendants have not, expressly or impliedly, consented to be sued in this district. The above motion to dismiss will be based upon the Complaint as amended in this action and particularly the allegations of said Complaint with respect to the residence of the parties.

The Defendant has filed a Motion to Dismiss directed to the Complaint as finally amended, and my decision is on this Motion.

The Plaintiffs have argued that the venue under the Amended Complaint is properly laid because both Plaintiff corporations "reside" in the Western District within the meaning of 28 U.S.C.A. 1391(a) limiting venue in diversity cases to the Judicial District "where all plaintiffs or all defendants reside". This is true, they say, because by the definition of residence in 28 U.S.C.A. 1391(c) a corporation is deemed to reside in any Judicial District in which it is "licensed to do business or is doing business."

Section 1391(c) reads as follows:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

The parties in argument concede that the real question here involved is whether this language applies to plaintiff corporations. There is a division of authority among the District Courts. Supporting the view that the language refers to plaintiffs as well as defendants are the following decisions: Freiday v. Cowdin, D.C.N.Y.1949, 83 F.Supp. 516, appeal dismissed 2 Cir., 177 F.2d 1020; Hadden v. Barrow, etc., D.C.Ohio 1952, 105 F. Supp. 530; Southern Paper Board Corp. v. United States, D.C.N.Y.1955, 127 F. Supp. 649; Standard Insurance Co. v. Isbell, D.C.Tex.1956, 143 F.Supp. 910; Eastern Motor Express v. Espenshade, D.C.Pa.1956, 138 F.Supp. 426.

Courts reaching a contrary view include: Chicago & Northwestern Ry. Co. v. Davenport, D.C.S.D.Iowa 1950, 94 F.

Supp. 83; Nebraska-Iowa Bridge Corporation v. United States, D.C.Neb.1958, 158 F.Supp. 796; cf. United Merchants and Manufacturers, Inc., v. United States, D.C.Ga.1954, 123 F.Supp. 435; United Transit Co. v. United States, D.C. Tenn.1957, 158 F.Supp. 856; Albright & Friel, Inc., of Delaware v. United States, D.C.Pa.1956, 142 F.Supp. 607.

It does not appear that this question has been passed on by any of the Courts of Appeal.

Both the Plaintiffs and Defendant acknowledge that the questions of venue raised by the pleadings constitute a thorn in the flesh that preferably should be extracted before trial. I am satisfied that this is true.

Plaintiffs have started certain discovery proceedings, the prosecution of which will expedite this action. I have determined that I should retain jurisdiction and that such proceedings should be allowed to continue under the terms of a separate order being passed by me. Under the circumstances, I decline to grant Defendant's Motion to Dismiss.

This ruling is an interlocutory decision which ordinarily would not be appealable. The Defendant wishes to appeal, and I am advised that the Plaintiffs welcome the Appeal.

I am of the opinion that my Order in this case involves controlling questions of law as to venue apparent on the face of the complaint as to which there is substantial ground for difference of opinion and that an immediate appeal from this Order may materially advance the termination of this litigation.

The Defendant, pursuant to the provisions of 28 U.S.C.A., § 1292(b), has leave to make application for permission to appeal to the Court of Appeals within ten (10) days of the entry of this Order.