301 F.2d 434
 96 A.L.R.2d 619
 ROBERT E. LEE & CO., Inc., and Dixie Construction Company of
Georgia, Inc., Appellees,
v.
Nathan Thomas VEATCH and Thomas B. Robinson, doing business
as Black & Veatch, Appellants.
 No. 8348.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 6, 1961.
Decided Dec. 8, 1961, Rehearing Denied Feb. 24, 1962.
 
 Wesley M. Walker, Greenville, S.C. (Fletcher C. Mann, Greenville, S.C., Menefee D. Blackwell, Donald L. Dorei, Kansas City, Mo., Leatherwood, Walker, Todd & Mann, Greenville, S.C., and Caldwell, Blackwell, Oliver & Sanders, Kansas City, Mo., on brief), for appellants.
 Robert M. Hitch, Savannah, Ga., and David L. Freeman, Anderson, S.C. (Watkins, Vandiver, Freeman & Kirven, Anderson, S.C., and Hitch, Miller & Beckmann, Savannah, Ga., on brief), for appellees.
 Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.
 SOBELOFF, Chief Judge.
 
 
 1
 The question to be decided is whether the venue provisions of 28 U.S.C.A. 1391(c) are applicable to corporations suing as plaintiffs, as well as to those named as defendants. The District Court decided that these provisions are so applicable. 195 F.Supp. 528 (W.D.S.C.1961). We, however, conclude that they are not.
 
 
 2
 An action was brought by Dixie Construction Company of Georgia, Inc., a Georgia corporation, and Robert E. Lee & Co., Inc., a South Carolina corporation, in the United States District Court for the Western District of South Carolina on a cause of action arising out of the furnishing of certain allegedly incorrect engineering data to them by Nathan Veatch and Thomas Robinson. The defendants are residents of Missouri and do business under the name of Black & Veatch. Federal jurisdiction was founded solely on diversity of citizenship, and venue was asserted by the plaintiffs to lie in the Western District of South Carolina because both plaintiff corporations were licensed to do business, and were actually doing business, there. The District Court overruled the defendants' motion to dismiss, and an interlocutory appeal was permitted under 28 U.S.C.A. 1292(b)[1] to review the court's holding that suit had been brought in an appropriate district.
 
 
 3
 Section 1391(c) provides that '(a) corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.' The precise issue of statutory interpretation in the present case is whether, as the plaintiff corporations contend, the statute not only makes a corporation amenable to suit in a district where it is licensed to do business but also gives it access to that court to bring suit as plaintiff; or whether, as the defendants contend, the statute deals with venue as to corporate defendants only.
 
 
 4
 Venue is a concept old in our jurisprudence. As opposed to jurisdiction, which relates to the territorial power of a court to hear a controversy, venue relates only to the place where a litigant may require the case to be heard. It is a privilege which permits the one in whose favor it runs to have the case tried at a convenient place. It is personal, however, and unless asserted, may be waived. See Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939).
 
 
 5
 Prior to 1948, general federal venue was governed by section 51 of the 1911 Judicial Code, 36 Stat. 1101. This section, in pertinent part, provided that where the jurisdiction of the district courts rested only on the fact 'that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant.' Residence was the key, and the Supreme Court, in an 'unbroken line of decision,' had declared that for venue purposes the residence of a corporation was in the state, or district thereof, of incorporation. See Suttle v. Reich Bros. Co., 333 U.S. 163, 166, 68 S.Ct. 587, 92 L.Ed. 614 (1948).
 
 
 6
 There was, however, an exception to this general immunity of a corporation from suit elsewhere than its place of incorporation. It could be sued in a district in which it was licensed to do business. This exception was based on the principle that, by obtaining a license to do business in a state and appointing an agent for service of process, the corporation waived any venue privilege it might have had not to be sued there. Neirbo Co. v. Bethlehem Shipbuilding Corp., supra. The Court in Neirbo in no way purported to re-define the residence of a corporation for venue purposes, or to equate 'residence' generally with 'licensed to do business or * * * doing business.' This is made clear in the Suttle case where the Court was called upon to interpret section 52 of the 1911 Judicial Code, 36 Stat. 1101. This section provided that if two or more defendants reside in different districts of a state, suit may be brought in either district, and the Court in Suttle held that a corporate resident of Texas and a resident of the Western District of Louisiana could not over objection be jointly sued in the Eastern District of Louisiana even though the Texas corporation had qualified to do business in that district. The Court was careful to point out that, while the Texas corporation had made itself amenable to suit in the Eastern District of Louisiana, this did not make it a resident of that district for venue purposes; hence the requirements of section 52 were not met. The consequence of this ruling was, of course, that corporations of different states could not be joined as defendants in the federal courts, if they chose to assert their venue privilege, unless suit could be brought at the residence of the plaintiff.[2]
 
 
 7
 This is the setting in which Congress in 1948 enacted section 1391. Subsection (a) is declaratory of the old rule that in a diversity suit venue lies in the district where all the plaintiffs or all the defendants reside, but subsection (c), quoted above, was added. Although this subsection has been a prolific source of litigation, no case has been found in which an appellate court has undertaken to decide whether subsection (c) simply codifies the Neirbo rule (that a corporation waives its venue privilege not to be sued in a state by obtaining a license to do business there) and overcomes the awkward result of the Suttle case, which prevented the free joinder of corporate defendants' or whether it is a general provision re-defining the residence of all corporations, plaintiffs as well as defendants. The district courts are in conflict,[3] as are leading text-writers.[4]
 
 
 8
 An argument that the subsection redefines corporate residence generally, is that the second clause of the subsection ('and such judicial district shall be regarded as the residence of such corporation for venue purposes') would be meaningless if not so interpreted. Indeed, Judge Ryan in Freiday v. Cowdin, 83 F.Supp. 516 (S.D.N.Y.1949), declared: 'To conclude otherwise one would have to attribute to Congress the anomalous intent to define the residence of corporate defendants but not that of corporate plaintiffs.' 83 F.Supp. at 518.
 
 
 9
 This reasoning, however, assumes the very point to be established, namely, the Congress meant by subsection (c) to change for venue purposes the law with respect to the residence of plaintiff corporations as well as defendant corporations. No such purpose can be gathered from the legislative history, and having regard for the guidelines laid down by the Supreme Court for interpreting the Judicial Code, we think the proposition must fall. At most, the statute is ambiguous, and as stated by the Court in Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 227, 77 S.Ct. 787, 791, 1 L.Ed.2d 786 (1957), "* * * it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless such intention is clearly expressed."
 
 
 10
 It is urged that since the term 'such corporation' in the second clause of the subsection, as a matter of syntax, refers back to the antecedent phrase, 'A corporation may be sued,' therefore, 'such corporation' means any corporation which may be sued, i.e., is amenable to suit, not only one that is actually sued. Consequently, according to this argument, the second clause should be read as defining the residence for venue purposes of all corporations which are amenable to legal action, whether in the particular case the corporation is made a defendant or makes itself a plaintiff. This argument is not sufficient to demonstrate a clear congressional purpose to change the prior law as to plaintiff corporations.
 
 
 11
 It seems to us more probable that the term 'such corporation' was meant to limit the applicability of the subsection to defendant corporations, for the corporations referred to in the opening words of the section are those that are sued, not those that sue. This would certainly be the more natural usage of the 'such.' If the purpose of the subsection was to define the residence of all corporations, plaintiffs as well as defendants, the expected mode of expression would be 'a corporation may sue or be sued.' Moreover, had Congress designed to give the subsection the sweeping effect urged by the plaintiffs, a term like 'all corporations' would have been used in the second clause, instead of the restrictive term 'such corporation.' In summary, we think it would be inappropriate to read something into the statute which could have been so easily expressed, had this been within the congressional aim.
 
 
 12
 The corporate plaintiffs contend that the second clause of the subsection is reduced to a mere redundancy if it does not define corporate residence generally. But this overlooks the fact that the subsection, even if not so broadly construed, changes the result reached by the Court in the Suttle case, for corporations of different states may now be freely joined as defendants in a district of common operation-- an undoubted congressional objective according to the commentators.[5] See 1 Moore, Federal Practice 1503, 1554-555 (2d ed. 1950); 1 Barron and Holtzoff, Federal Practice and Procedure 376, 386 (rev. ed. 1960). Compare Keller-Dorian Colorfilm Corp. v. Eastman Kodak Co., 88 F.Supp. 863 (S.D.N.Y.1949); Guy F. Atkinson Co. v. City of Seattle, 159 F.Supp. 722 (W.D.Wash.1958).
 
 
 13
 Finally, while we are mindful of the desirability of corporations being suable where they are doing business, the only instance in which Congress has, with clarity, authorized a corporation to come into court as a plaintiff at its place of doing business (other than in the place of incorporation) is where the corporation seeks to recover taxes. See 28 U.S.C.A. 1402(a)(2) (Supp.1960). This fairly indicates that residence was not expanded by section 1391(c) to permit a plaintiff corporation the wide latitude contended for in the selection of a forum.
 
 
 14
 Reversed and remanded.
 
 
 
 [1]
 This section provides in part:
 '(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, * * *.'
 
 
 [2]
 The Court's comment on Neirbo is significant here: 'This Court held that the venue requirements in the federal courts may be waived and that the defendant, since it had appointed an agent to receive service of process in New York pursuant to a statute of that State, might not insist upon suit being brought in Delaware, the State of its incorporation, or in New Jersey, the State in which plaintiffs resided. But this Court did not hold that in losing the privilege or insisting upon suit in districts specified in 51 of the Judicial Code (36 Stat. 1101), the defendant corporation thereby acquired 'residence' in New York, within the meaning of the venue statutes. Indeed, the Court specifically stated that the suit 'was not brought 'in the district of the residence of either the plaintiff or the defendant."' 333 U.S. at 167-168, 68 S.Ct. at 590
 
 
 [3]
 That section 1391(c) is a general provision, defining the residence of all corporations, plaintiffs or defendants, has been determined by Judge Ryan in Freiday v. Cowdin, 83 F.Supp. 516 (S.D.N.Y.1949); Judge Freed in Hadden v. Barrow, Wade, Guthrie & Co., 105 F.Supp. 530 (N.D.Ohio 1952); Judge Dimock in Southern Paperboard Corp. v. United States, 127 F.Supp. 649 (S.D.N.Y.1955); Judge Lord in Eastern Motor Express v. Espenshade, 138 F.Supp. 426 (E.D.Pa.1956); Judge Sheehy in Standard insurance Co. v. Isbell, 143 F.Supp. 910 (E.D.Tex.1956); Judge Warlick in Travelers Insurance Co. v. Williams, 164 F.Supp. 566 (W.D.N.C.1958); and Judge Egan in Consolidated Sun Ray, Inc. v. Steel Insurance Co., 190 F.Supp. 171 (E.D.Pa.1961)
 The contrary conclusion has been reached by Judge Switzer in Chicago & North Western Ry. Co. v. Davenport, 94 F.Supp. 83 (S.D.Iowa 1950); Judge Kraft in Albright & Friel, Inc., of Del. v. United States, 142 F.Supp. 607 (E.D.Pa.1956); and Judge Robinson in Nebraska-Iowa Bridge Corp. v. United States, 158 F.Supp. 796 (D.Neb.1958). Compare Jaftex Corp. v. Randolph Mills, Inc., 282 F.2d 508, 518 (2d Cir. 1960) (concurring opinion); Lipp v. National Screen Service Corp., 95 F.Supp. 66, 69 (E.D.Pa.1950); United Merchants & Manufacturers v. United States, 123 F.Supp. 435 (M.D.Ga.1954).
 
 
 [4]
 Professor Moore is of the view that the subsection does not define corporate residence generally. 1 Moore, Federal Practice 1503 (2d ed. 1950)
 Barron and Holtzoff think otherwise. 1 Barron and Holtzoff, Federal Practice and Procedure 387-88 (rev. ed. 1960).
 
 
 [5]
 The Reviser's Notes seem to support this view. His comment is:
 'In subsection (c), references to defendant 'found' within a district or voluntarily appearing were omitted. The use of the word 'found' made said section 111 ambiguous. The argument that an action could be brought in the district where one defendant resided and a nonresident defendant was 'found' was rejected in Camp v. Gress, 1919, 39 S.Ct. 478, 250 U.S. 308, 63 L.Ed. 997. However, this ambiguity will be obviated in the future by the omission of such reference.'