The NORTH RIVER INSURANCE COMPANY, Plaintiff,

v.

Henry M. DAVIS et al., Defendants.

64-C-22-H

United States District Court
W. D. Virginia,
Harrisonburg Division.

Jan. 4, 1965.

J. Randolph Larrick, Largent, Anderson & Larrick, Winchester, Va., Rufus G. Coldwell, Jr., Browder, Russell & Morris, Richmond, Va., for North River Insurance Company.

J. Sloan Kuykendall, Kuykendall & Whiting, Winchester, Va., for Henry M. Davis and Joseph Henry Davis.

MICHIE, District Judge.

Plaintiff, The North River Insurance Company, brought this action to compel the defendants, Joseph Henry Davis and Henry M. Davis, to contribute one half the amount paid by the plaintiff in settlement of an action in the Virginia state courts. The state court action arose from an automobile accident which occurred in Frederick County on February 16, 1960 in which a number of people were injured and two people killed. The complaint here alleges further that this accident was caused by the negligence and gross negligence of the defendant Joseph Henry Davis and the negligence of the plaintiff's insured, Glenn E. Schwartz; that Joseph Henry Davis was the servant, agent and employee of Henry M. Davis, who was therefore liable for his torts; that as liability insurer of Glenn E. Schwartz it has paid out on behalf of its insured $25,499.19 to five claimants injured in the accident as the result of negotiations in which all parties participated; that the settlements were reasonable and fair and made in order to avoid the expense of litigation; and that demand for contribution was made upon the defendants, which demand was refused.

■ One defendant, Joseph Henry Davis, has, by motion to dismiss, questioned the jurisdiction of this court to proceed, alleging a lack of the necessary amount in controversy on the ground that these five claims may not be aggregated. The law seems settled to the contrary, however, see Wright, Federal Courts p. 102 (1963), and this motion will therefore be denied.

■■ By further motions both defendants have questioned the propriety of venue in the Western District of Virginia as the complaint indicates that the plaintiff corporation is a resident of New York and the defendants are residents of Georgia and Virginia. Clearly this is not the judicial district where all plaintiffs or all defendants reside as required under 28 U.S.C. § 1391(a). Nor may the plaintiff bring itself within subsection (c) of the above section. Robert E. Lee & Co. v. Veatch, 301 F.2d 434, 96 A.L.R. 2d 619 (4th Cir.1961), cert. denied, 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed.2d 55 (1962). And plainly subsections (b), (d) and (e) are inapplicable. Plaintiff relies instead upon the newest subsection of § 1391, subsection (f), which provides:

"A civil action on a tort claim arising out of the manufacture, assembly, repair, ownership, maintenance, use, or operation of an automobile may be brought in the judicial district wherein the act or omission complained of occurred."

Considering the allegations of the complaint as true, the present claim for contribution unquestionably arose from the operation of an automobile as required by the subsection and the act complained of took place in this district. However, may this claim be characterized as a "tort claim"? This is a question of first impression under this new subsection and the legislative history does not conclusively uphold either view.

Nowhere in the legislative history is there a clear statement of what Congress intended to encompass by the phrase "tort claim". However, Senate Report No. 620 indicates that in view of its appreciation that "development in transportation has increased the mobility of the population of the United States to a degree undreamed of * * *" it was Congress' desire to "promote a simple and orderly administration of justice by permitting tort suits to be brought in the place where the witnesses are ordinarily

most conveniently available." U.S.Code Cong. & Adm. News, 1963, 1st Sess. at pp. 1373–1374. On the floor of the Senate, Senator Russell viewed the bill as follows:

> "I assume it was drafted with a view to simplifying trial procedure in tort cases, such as in the case of a motorist from Maine and one from Utah, for example, who might collide in Florida. The bill * * * would settle the jurisdiction where the witnesses were readily available." Cong.Rec. 20829 (1963)

While these statements may not provide a positive answer to the problem at hand, they indicate that Congress wished to accomplish a simple but rather sweeping change in our present provisions for venue. This court, in applying this change, is loathe to give a restrictive interpretation to an enactment whose purposes seem so clear and which seems intended to alleviate partially problems of such long standing in the field of federal venue.

The present action is a suit by one tortfeasor to compel another to pay his proportionate share of the damages they allegedly caused to others. The issues to be tried are essentially those which would be tried were one of the injured parties the plaintiff here. The central issue here is the negligence of Joseph Henry Davis. Substantially all of the witnesses to the accident will be required here, I assume, just as they would be required were the injured parties the plaintiffs. All that has been added are a few peripheral issues regarding the settlement and of course the identity of the plaintiff has changed. The essence of the claim, however, the operative facts giving rise to the right, remains very much the same. I can not see how the orderly administration of justice would be furthered by distinguishing this case from one brought by the injured parties which is clearly covered by the new subsection. In each case the issue is the same: who was responsible for the accident?

Furthermore, such a decision would tend to discourage settlements in these multi-defendant tort cases. One of the potential defendants in the original action has compensated the injured parties through a compromise settlement. It could scarcely be the Congress' intention to penalize him for that act. There is no question that the potential plaintiffs, the injured parties, could have availed themselves of this venue provision as well as the provisions for service of process provided by the state Non-resident Motorist Statutes. They would have been guaranteed a forum convenient to the witnesses, in which they could obtain service of process. As Senator Russell pointed out in the quotation above, this is the obvious intention of the provision—to guarantee parties this convenience regardless of their residence, in order to simplify trial procedure. I find it hard to understand why Congress would deprive a party in the position of the instant plaintiff of that protection and convenience which seems just as necessary here as in the cases clearly provided for and I will not find such an intention in this provision.

It is argued by counsel for the defendants that: Congress intended to accept the states' characterization of "tort claims"; that Virginia has held its right to contribution between joint tortfeasors to be an implied contract right and that therefore this claim is not a tort claim within the federal statute. I am not prepared to hold that Congress intended to accept the state's characterization where as here it undercuts the purpose of the federal statute. There is no state interest in the question of which federal court will vindicate this plaintiff's rights. To look mechanically to state decisions evolved from entirely different contexts and considerations seems as unwise as it is unnecessary. Where, as here, the state for its own historical reasons has characterized an action for the purposes of its statute of limitations as a contract action, I am not persuaded that the state's characterization should control the interpretation of this federal statute. The action has its foundation in a tort, it arises out of a tort and therefore it can appropriately be called a tort claim, especially as

it will obviously involve precisely the same evidence as a suit on the original tort would have involved.

It would seem equally persuasive to argue that Congress intended the application of concepts developed by the federal courts from the Federal Tort Claims Act and the Tucker Act, 28 U.S.C. §§ 1346 (a) and (b) and 1491 (1958). Under these statutes the Supreme Court has held an action to compel contribution from the United States to be properly brought under the Tort Claims Act supporting its holding in part by pointing out that such an action could not be brought under the Tucker Act as, the court seems to be saying, such action would sound in tort. See United States v. Yellow Cab Co., 340 U.S. 543, 552, 71 S.Ct. 399, 95 L.Ed. 523 (1951).

However, neither of these approaches seems appropriate to the task at hand. The considerations leading to each line of decisions are too far removed from the question of where to try this lawsuit, which, after all, is the question before me. I hold this district to be the proper venue under subsection (f) because, as I pointed out in the opening paragraphs of this opinion, this claim is essentially a tort claim and Congress has allowed the trial of such claims in the district in which they arise.

Defendant Joseph Henry Davis has also moved to dismiss this action or in lieu thereof to quash the return of service upon him on the ground that he was a resident of Virginia at the time of the accident and has since removed from the state, taking the position that the Virginia statute providing for substituted service upon non-resident motorists is unconstitutional as applied to service on one who was a resident of the state at the time the cause of action arose but subsequently became a non-resident. It is argued that such a construction of the statute violates the due process clauses of the XIV Amendment of the Constitution of the United States and Section 11 of the Constitution of Virginia. It is, however, difficult to see how a provision for substituted service on a non-resident, which is concededly valid, could be invalid when applied to a non-resident who was formerly a resident of Virginia. In considering the Virginia statute's compliance with the requirements of due process, the crucial issue is the extent of the defendant's contacts with the jurisdiction. It seems beyond question that Virginia may provide for service in this way upon former residents of the state in actions arising from acts done in the state during the period of their residence. See generally, 2 Moore, Federal Practice ¶ 4.41–1[1] (1964).

The individual motions to dismiss are therefore denied as is the motion to quash the return of service.