**UNITED ARTISTS THEATRE CIRCUIT, INC., Plaintiff,**

v.

**NATIONWIDE THEATRES INVESTMENT COMPANY, David A. Thomas and Berton Raden Thomas, Defendants.**

**No. 67 Civ. 1369.**

United States District Court
S. D. New York.

May 26, 1967.

Wachtell, Lipton, Rosen, Katz & Kern, New York City, for plaintiff; Herbert M. Wachtell, Theodore Gewertz, New York City, of counsel.

David A. Thomas, Cleveland Heights, Ohio, Harold M. Brown, Brown & Gothelf New York City, for defendants.

McGOHEY, District Judge.

The plaintiff, a Maryland corporation licensed to do business and having its principal place of business in New York, brought this action to recover security paid under a lease agreement and to

recover on a guaranty agreement. The defendant Nationwide is an Ohio corporation which neither does nor is licensed to do business in New York. The individual defendants are Nationwide's principal stockholders and officers. Both are residents of Ohio.

The defendants move to dismiss the complaint and quash service on the following grounds: the service was improper; there is a prior action pending in an Ohio state court; the venue was improperly laid in the Southern District of New York.

■ Nationwide and the individual defendants were personally served in Ohio. From the affidavits it appears that both the lease agreement and the guaranty agreement were executed in New York; that considerable negotiations took place in New York; and that the security was actually paid in New York. Under such circumstances service in Ohio was valid and confers jurisdiction over the defendants.[1] The fact that there is a prior pending action in the

Ohio state court does not require dismissal of the instant federal action.[2]

■ The plaintiff urges with respect to the defendants' final ground for dismissal that 28 U.S.C.A. § 1391(c) permits a plaintiff corporation to lay venue in a district where *it* is doing business. That section provides:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

There has been a sharp division of authority as to whether this section applies only to defendant corporations or to plaintiff corporations as well.[3] In this circuit the district courts have, with one exception, held that § 1391(c) applies to all corporations.[4] The exception is the decision in Lumbermens Mut. Cas. Co. v. South Portland Eng'r Co.[5] Judge Bonsal there held, chiefly on the authority of the Fourth Circuit's decision in Robert E. Lee & Co. v. Veatch,[6] that §

1. New York CPLR § 302(a) 1; F.R.Civ.P. R. 4(e), (f); United States v. Montreal Trust Co., 358 F.2d 239, 243 (2d Cir.), cert. denied 379 U.S. 826, 85 S.Ct. 53, 13 L.Ed.2d 36 (1966).

2. Graziano v. Pennell, 371 F.2d 761, 764 (2d Cir. 1967). See generally 1A Moore, Federal Practice ¶ 0.202 at 2027 (1961 ed.).

3. Compare 1 Moore, Federal Practice ¶ 0.142[5.–3] at 1503 (1961 ed.); 1A Ohlinger, Federal Practice 297; Comment, 28 U.Chi.L.Rev. 112 (1960) [for the position that § 1391(c) applies only to defendant corporations], with 1 Barron & Holtzoff, Federal Practice and Procedure § 80 at pp. 387–88; Wright, Federal Courts § 42; Note, 76 Harv.L.Rev. 641 (1963). Among the cases which have decided the question, the following held that § 1391(c) applies to defendant corporations only: Carter-Beveridge Drilling Co. v. Hughes, 323 F.2d 417 (5 Cir.1964); Robert E. Lee & Co. v. Veatch, 301 F.2d 434, 96 A.L.R. 2d 619 (4 Cir.1961), cert. denied, 371 U.S. 813, 83 S.Ct. 23, 9 L.Ed.2d 55 (1962); North River Ins. Co. v. Davis, 237 F. Supp. 187 (W.D.Va.1965); Chicago & N.

W. Ry. v. Davenport, 94 F.Supp. 83 (S.D Iowa 1951), vacated on other grounds, 95 F.Supp. 469 (S.D.Iowa 1951). The following cases have held that § 1391(c) applies to plaintiff corporations as well: Consolidated Sun Ray, Inc. v. Steel Ins. Co., 190 F.Supp. 171 (E.D.Pa.1961); Travelers Ins. Co. v. Williams, 164 F. Supp. 566 (W.D.N.C.1958), aff'd on other grounds, 265 F.2d 531 (4 Cir.1959); Standard Ins. Co. v. Isbell, 143 F.Supp. 910 (E.D.Tex.1956).

4. Toilet Goods Ass'n v. Celebrezze, 235 F. Supp. 648 (S.D.N.Y.1964), modified on other grounds, 360 F.2d 677 (2d Cir. 1966), aff'd. sub. nom. Toilet Goods Ass'n v. Gardner, 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697, and Gardner v. Toilet Goods Ass'n, 387 U.S. 167, 87 S.Ct. 1526, 1530, 1544, 18 L.Ed.2d 704 (U.S. May 22, 1967); Wear-Ever Aluminum, Inc. v. Sipos, 184 F.Supp. 364 (S.D.N.Y.1960); Southern Paperboard Corp. v. United States, 127 F.Supp. 649 (S.D.N.Y.1955); Freiday v. Cowdin, 83 F.Supp. 516 (S.D. N.Y.1949).

5. 252 F.Supp. 149 (S.D.N.Y.1966).

6. 301 F.2d 434 (4 Cir.1961).

1391(c) applies only to defendants. With deference to the courts which have held the contrary, Judge Bonsal's view is adopted.

The motion to dismiss for improper venue is granted.

So ordered.