**NORTHERN VIRGINIA REGIONAL PARK AUTHORITY and William M. Lightsey, Petitioners,**

v.

**UNITED STATES CIVIL SERVICE COMMISSION et al., Respondents.**

**Civ. A. No. 201-69-A.**

United States District Court E. D. Virginia, Alexandria Division.

Jan. 6, 1970.

Edmund D. Campbell, Arlington, Va., for petitioners.

Brian P. Gettings, U. S. Atty., Alexandria, Va., David F. Anderson, Dept. of Justice, C. P. Montgomery, Jr., Asst. U. S. Atty., for respondents.

OREN R. LEWIS, District Judge.

## MEMORANDUM OPINION

The United States Civil Service Commission on May 8, 1969 found that the petitioner, William M. Lightsey, knowingly violated the Hatch Act, 5 U.S.C. § 1502(a) (3), by taking an active part in political campaigns during 1967. Mr. Lightsey was then the full-time Executive Director of the Northern Virginia Regional Park Authority, an agency financed in whole or in part by federal funds.

The Commission further found that such violation warranted Mr. Lightsey's removal from employment by the Park Authority. 5 U.S.C. § 1505. Mr. Lightsey failed to resign and the Park Authority advised the Civil Service Commission that it did not intend to remove him.

The Commission then took appropriate steps to require federal agencies to withhold loans or grants to the Park Authority in an amount equal to twice Mr. Lightsey's annual 1967 salary. 5 U.S.C. § 1506.

Judicial review by this Court was requested pursuant to the provisions of 5 U.S.C. § 1508.

The withholding order is challenged only insofar as it relates to the original order for Mr. Lightsey's removal.

There are no disputed issues of fact. Mr. Lightsey has been employed by the Northern Virginia Regional Park Authority as its full-time Executive Director since June of 1963—His position is appointive, not elective. He was elected as a Democrat to the Virginia House of Delegates in November of 1965—He served as such and sought re-election in 1967—He was re-elected as a Democrat in November of that year. His service in the Virginia General Assembly was limited to sixty days biennially except upon call of a special session.

■ Mr. Lightsey says he is exempt from the political restrictions of the Hatch Act, being an individual holding elective office. 5 U.S.C. § 1502(c) (4).

The Court disagrees. Mr. Lightsey was subject to the Act—His partisan political activity in 1967 warranted his dismissal.

Section 1501(4) of Title 5, United States Code, reads:

" 'State or local officer or employee' means an individual employed by a State or local agency whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency, * * *."

Section 1502 reads:

"(a) A State or local officer or employee may not—

(1) use his official authority or influence for the purpose of interfering with or affecting the result of an election or a nomination for office;

(2) directly or indirectly coerce, attempt to coerce, command, or advise a State or local officer or employee to pay, lend, or contribute anything of value to a party, committee, organization, agency, or person for political purposes; or

(3) take an active part in political management or in political campaigns.

 *     *     *     *     *     *

"(c) Subsection (a) (3) of this section does not apply to—

(1) the Governor or Lieutenant Governor of a State or an individual authorized by law to act as Governor;

(2) the mayor of a city;

(3) a duly elected head of an executive department of a State or municipality who is not classified under a State or municipal merit or civil-service system; or

(4) an individual holding elective office."

The Civil Service Commission relies in the main on In re Higginbotham, 340 F.2d 165 (3rd Cir. 1965), cert. den. 382 U.S. 853, 86 S.Ct. 101, 15 L.Ed.2d 91. The petitioner there, an alderman, was a partisan candidate for re-election while employed on a full-time basis by a federally funded housing authority. The employee defended his candidacy for re-election with the contention that he was an "officer holding elective office" and thereby exempted from the prohibition of 5 U.S.C. § 118k. The Third Circuit held the exemption did not apply to an elective officer such as Higginbotham. The court there said:

"The appellant's argument based upon the exemption of 'officers holding elective office' depends upon taking the sentence in which that expression occurs out of context. When, however, it is read as a part of a scheme to regulate the conduct of officers and employees of federally assisted state agencies, it falls naturally into place as a provision exempting officers and employees of such agencies who have been elected, rather than appointed, to their positions with the agencies."

The petitioner attempts to get around Higginbotham on the ground that it was decided upon the interpretation given to § 12(a) of the old Hatch Act, 5 U.S. C. § 118k.

He correctly states that the Hatch Act has been recodified since the Higginbotham case by Congress—He incorrectly states that the language of the Act has been changed in material respects.

" * * * it will not be inferred that Congress, in revising and consolidating the laws, intended to change their effect unless such intention is clearly expressed." See Fourco Glass Company v. Transmirra Products Corporation, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), and Robert E. Lee & Company v. Veatch, 301 F.2d 434, 96 A.L.R.2d 619 (4th Cir. 1961).

■ The reports of the committee on the judiciary issued by the Senate and the House clearly indicate that no sub-

stantive change was intended. The reports read:

" * * * there are no substantive changes made by this bill enacting title 5 into law * * *" H.R.Rep. No. 901, 89th Cong., 1st Sess. 3 (1965); S.Rep. No. 1380, 89th Cong., 2d Sess. 20 (1966).

The petitioner concedes that the prohibitions of the recodified statute, 5 U. S.C. § 1502(a), are substantially the same as those of the old Hatch Act, 5 U.S.C. § 118k. He says, however, that the present Hatch Act enlarged the exemptions set forth in § 1502(c) (4) by substituting the words "an individual" for "officers," making the exemption now read "an individual holding elective office"—therefore, his being an elected member of the Virginia General Assembly in 1967 exempts him from the political restrictions of the Act.

Reading the section as the petitioner would have us do would broaden the exemptions, contrary to the clear intent of Congress.

Section 1502(a) (3), which Petitioner Lightsey was found to have violated, prohibits State or local officers or employees from taking an active part in political management or political campaigns.

■ Subsection (c) of § 1502 refers to the officers or employees mentioned in subsections (a) and (b) and exempts certain of them from the ban on political activities contained in subsection (a). Since the only State or local officer or employee who is not permitted to engage in active political campaigning is such officer or employee primarily employed by a federally assisted State or local agency (see § 1501), the purpose of subsection (c) clearly exempts from that section's ban only such officers or employees who are elected to their positions and not appointed.

■ The purpose of the Hatch Act is to prohibit political activities among "employees in the states whose employment is made possible by use of Federal funds or appropriations from the Federal Treasury." See 86 Cong.Rec. 2338.

Section 1502(c) (4) was not meant to exempt all elected officials but only those whose principal employment with the State agency was the result of being elected rather than appointed.[1]

Further, broadening the exemption—as Mr. Lightsey would have us do—would render other parts of the Hatch Act, namely, § 1503 which permits non-partisan political activity, inconsistent and meaningless.

■ Although the Court does not read the letter of the General Counsel of the Commission to Senator Byrd as holding that Mr. Lightsey qualified for exemption from the campaigning restrictions of the Hatch Act because a member of the General Assembly is in line for possible succession to the Governorship—

---

1. The following colloquy took place on the Senate floor, 86 Cong.Rec. 2340:

MR. VANDENBURG: Before the Senator leaves the other sections I should like to ask for a further definition of the persons affected, and perhaps I might personify my inquiry by making it specific. Would the pending bill prevent the State highway commissioner of a State from running for Governor of his State while he was State highway Commissioner?

MR. HATCH: In my State it would, because highway commissioners in New Mexico are appointive officers and exercise no policy-making function. The answer to the Senator's question would depend upon the character of the duties of the office he mentions under the law of his own State.

MR. VANDENBURG: In Michigan, the commissioner is an elected official. Therefore, what would the Senator's answer be?

MR. HATCH: I would say that an elective official, probably being charged also with policy-making functions in his department, would not be included in the bill and would be permitted to run for any office he might see fit to seek.

**892**

such an interpretation of the Act, if made, is not binding on this Court.

Petitioner's final contention that he is exempt from the provisions of the Act because he was running for re-election —not seeking election in the first instance—totally lacks merit. There is nothing in the statute indicating that Congress intended incumbent members of the State legislatures holding full time appointive jobs with State agencies receiving federal funds could actively participate in partisan politics and those in similar positions seeking elective offices for the first time could not so do.

Congress through the Hatch Act sought better public service by requiring those who administer public funds for national needs to abstain from active political participation. See Oklahoma v. United States Civil Service Commission, 330 U.S. 127, 67 S.Ct. 544, 91 L.Ed. 794 (1947).

The question here is not whether Mr. Lightsey had the right to run for re-election as a partisan member of the Virginia House of Delegates—it is whether he could so do while serving as a full time appointive Executive Director of the Northern Virginia Regional Park Authority, a federally funded State agency.

For the reasons stated, this Court finds that the orders entered by the United States Civil Service Commission in the Lightsey cases are in accord with the cited provisions of the Hatch Act, 5 U.S. C. § 1501 et seq. Therefore, the Government's motion for summary judgment will be granted.

The United States Attorney for this District should prepare an appropriate order in accordance with this memorandum opinion, submit the same to counsel for Mr. Lightsey for approval as to form, and then to the Court for entry.

The Clerk will send copies of this memorandum opinion to all counsel of record.