## PETROWSKI et al. v. HAWKEYE-SECURITY INSURANCE CO.

No. 469.   Argued March 7, 1956.—Decided March 26, 1956.

*Richard P. Tinkham, Jr.* argued the cause and filed a brief for petitioners.

*Victor M. Harding* argued the cause for respondent. With him on the brief was *Herbert C. Hirschboeck.*

PER CURIAM.

Respondent, Hawkeye-Security Insurance Company, filed a motion to quash the return of service of summons on the grounds that the District Court acquired no personal jurisdiction over it and that the power of attorney which it had filed with the Commissioner of Motor Vehicles of the State of Wisconsin did not authorize him to accept service of process for it in this case.   After this motion was denied, respondent filed its answer to the complaint in which it again pressed its claim that the District Court lacked personal jurisdiction over it.   Subsequently, however, respondent filed (1) a motion to amend its answer and to interplead; (2) a counterclaim; (3) a stipulation and order adding a party-plaintiff and amending the complaint and answer; and (4) a stipulation that judgment be entered against the alleged insured in favor of the additional party-plaintiff.   The latter

stipulation included the following provision, together with others consistent with it and confirmatory of its purpose:

"1. That each of the parties to this stipulation voluntarily submits to the jurisdiction of the above entitled Court without service of process herein, the same as if personal service had been obtained by each against the other."

Following a trial on the merits, judgment was entered against respondent, but the Court of Appeals, with one judge dissenting, reversed on the ground that respondent's motion to quash should have been granted.   226 F. 2d 126.

Upon examination of the record and the law, we conclude that the District Court had jurisdiction of the subject matter and that respondent, by its stipulation, waived any right to assert a lack of personal jurisdiction over it.   We, therefore, reverse the judgment of the Court of Appeals and remand the case to it for further proceedings.

*Reversed and remanded.*