John M. PETROWSKI et al.,
Plaintiffs-Appellees,

v.

HAWKEYE–SECURITY INSURANCE
COMPANY, Defendant-Appellant.

No. 11335.

United States Court of Appeals
Seventh Circuit.

Oct. 5, 1956.

Writ of Certiorari Denied Jan. 14, 1957.
See 77 S.Ct. 364.

Victor M. Harding, Milwaukee, Wis., for appellant.

Richard P. Tinkham, David A. Gorman, Ronald D. Keberle, Herbert Terwilliger, Wausau, Wis., for appellees.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Reversing our earlier decision reported as Petrowski v. Hawkeye-Security Insurance Company, 7 Cir., 1955, 226 F.2d 126, in this matter, the Supreme Court remanded the case to us for further proceedings in conformity with its opinion in Petrowski v. Hawkeye-Security Insurance Company, 1956, 350 U.S. 495, 76 S. Ct. 490.

Our initial majority opinion pivoted on defendant's jurisdictional question. 226 F.2d 126, 134. But the Supreme Court has concluded that the District Court had jurisdiction of the subject matter and that defendant Insurance Company "by its stipulation, waived any right to assert a lack of personal jurisdiction over it." 350 U.S. 495, 496, 76 S.Ct. 490, 491. We follow the mandate accordingly.

Now requiring our attention, however, are several other points, raised by de-

fendant, and which remained unresolved under our first disposition of this appeal. Since our previous opinion contains sufficient recitals of facts pertinent to some points urged, repetition of evidence is unnecessary.

■ As we have once pointed out and said, Hawkeye refrained from certifying its policy under the Wisconsin Safety and Financial Responsibility Law, hence:

"Clearly without such a certificate having been filed policy A 33603 could not be varied to comply with Wisconsin laws so as to strike down the restrictive endorsement." 226 F.2d 126, 133.

That is the end of the matter because we think Hawkeye could limit its risk when the policy and Special Endorsement issued under the laws of Iowa, its home State. Nor could the policy be judicially reformed and aligned with Wisconsin law under these facts. When policy A 33603 issued in May, 1951, Meehan knew of the Special Endorsement. Its validity was unchallenged in Iowa at the time the parties contracted. When the Iowa Insurance Commissioner issued his Bulletin F–2, dated November 9, 1951, the announcement concerning such endorsements, carried this relevant passage: "No further endorsements of this type will be approved for filing with this Department *after* the date of this Bulletin, and that all such endorsements already on file will stand disapproved *on and after* December 1, 1951." (Exhibit 5; italics added.) Furthermore the final regulation of the Iowa Insurance Commissioner, dated January 22, 1952, expressly provided:

"It is therefore now ordered that 'Bulletin F–2' of November 9, 1951, as modified, shall be in full force and effect on and after February 15, 1952." (Exhibit 6.)

■ Whatever persuaded the Commissioner to articulate purported "public policy" of Iowa subsequent to the time Hawkeye issued its policy, and after the

accident occurred, cannot be used for eradication of the Special Endorsement. United States v. Grace Evangelical Church, 7 Cir., 1943, 132 F.2d 460. The trial judge's finding number 18 is merely descriptive of Bulletin F–2, and is used by him as a stepping-stone for reaching nullification of the Secial Endorsement on the theory that the clause was contrary to public policy when issued with policy A 33603. Such reasoning is clearly retrospective and hardly suffices as the basis for cancelling the troublesome endorsement.

■ There is little question but what Exhibit 3, the critical "Special Endorsement" was an integral part of policy A 33603. Absence of the authorized agent's countersignature on it, after he had executed the declarations, is not fatally defective. All three documents, policy, declarations, and special endorsement, were stapled together and comprised one unit when issued. This is not a situation where a rider followed after the basic policy had issued.

■ Because we think the district court erred in striking down the Special Endorsement we now reverse the judgment appealed. Fritz v. Jarecki, 7 Cir., 1951, 189 F.2d 445, 448. Furthermore we have been unable to find evidence supporting finding numbered 19 concerning the alleged failure by Hawkeye to submit its Special Endorsement to the Iowa Insurance Commissioner.

Having reached and considered the merits and points raised by the parties, wholly aside from the jurisdictional question discussed at the outset, we now conclude that the judgment appealed should be reversed.

Judgment reversed.

SCHNACKENBERG, Circuit Judge (dissenting).

Being of the opinion that the judgment of the district court should be affirmed, I am constrained to dissent from the foregoing opinion.