CONSOLIDATED SUN RAY, INC., a corporation organized and existing under and by virtue of the laws of the State of Delaware,

and

Sun Ray Drug Co., a Division of Consolidated Sun Ray, Inc.

and

Bargain City U.S.A., Inc., a corporation organized and existing under and by virtue of the laws of the State of Delaware,

v.

STEEL INSURANCE COMPANY OF AMERICA, a corporation organized and existing under and by virtue of the laws of the State of Illinois.

Civ. A. No. 28145.

United States District Court
E. D. Pennsylvania.
Jan. 3, 1961.

David S. Malis, Malis, Malis & Malis, Philadelphia, Pa., for plaintiffs.

Owen B. Rhoads, Philadelphia, Pa., for defendant.

EGAN, District Judge.

This is an action upon a fire insurance policy issued by the defendant to the plaintiff, Consolidated Sun Ray, Inc., (hereinafter referred to as Consolidated), and any affiliated or subsidiary companies or corporations (which the other plaintiffs are alleged to be). Judgment is sought in the amount of $750,000 as a result of a fire at the Horsham, Pennsylvania, store of the plaintiff, Bargain City U. S. A., Inc., which loss it is alleged is covered by the policy.

The plaintiffs are Delaware corporations registered to do business in Pennsylvania and are actually engaged in business in this State, with offices in Philadelphia, Pennsylvania. The defendant is an Illinois corporation with offices at Chicago in that State.

Service of the complaint was made by the United States Marshal mailing two copies thereof by registered mail to the Insurance Commissioner of Pennsylvania who accepted service of the complaint by writing filed of record in this case. He also mailed a copy of the complaint to the defendant by registered mail. The defendant filed a general appearance and promptly filed the present motion to quash service of summons on the basis of improper venue and improper service of the summons and complaint, and to dismiss the complaint for want of jurisdiction of the Court over the person of the defendant.

Venue is proper under the provisions of 28 U.S.C. § 1391 because the plaintiffs, though Delaware corporations, are registered to do business in Penn-

sylvania and are doing business in this district. Section 1391(a) provides that a diversity suit "may * * * be brought only in the judicial district where all plaintiffs or all defendants reside." Section 1391(c) provides that "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." Though the contrary has frequently been argued, the Courts have held that the last portion of § 1391 (c) which reads " * * * and such judicial district shall be regarded as the residence of such corporation for venue purposes" applies to a plaintiff corporation as well as to a defendant corporation, and that the district in which a corporation is licensed to do business or is doing business is the proper place to lay venue for an action brought by the corporation as well as for an action brought against the corporation. Southern Paperboard Corporation v. United States of America, D.C.S.D.N.Y.1955, 127 F.Supp. 649; Standard Insurance Co. v. Isbell, D.C.E.D.Tex.1956, 143 F. Supp. 910; Eastern Motor Express, Inc. v. Espenshade, D.C.E.D.Pa.1956, 138 F. Supp. 426; Travelers Insurance Company v. Williams, D.C.W.D.N.C.1958, 164 F.Supp. 566. The argument of the defendant that venue is improper because it is an Illinois corporation, not licensed to do business in Pennsylvania and not doing business here, cannot prevail because all the plaintiffs are "residents" of this district for venue purposes.

The policy sued on has attached to it a service of suit clause in the following language:

*"Service of Suit Clause*

"It is agreed that in the event of the failure of the Company hereon to pay any amount claimed to be due hereunder, Company hereon, at the request of the Insured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

"Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Company hereon hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as its true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Insured or any beneficiary hereunder arising out of this contract of insurance, and hereby designates the above-named as the person to whom the said Insured is authorized to mail such process or a true copy thereof.

"Attached to and forming part of Policy No. 563 issued to Consolidated Sun Ray, Inc. &/or Any Affiliated or Subsidiary Companies or Corporations, AIMA, by The Steel Insurance Company of America at Chicago, Illinois.

"Date: October 28, 1959
"/s/ M. E. Luber
"Vice President"

The defendant contends that there was no consideration for the inclusion of the service of suit clause in the policy because it was not a part of the policy when it was delivered in June of 1959 and it bears a later date, namely, October 28, 1959. This service of suit clause, however, is signed by a vice-president of the defendant corporation and recites that it is "attached to and forming part of Policy No. 563 issued to Consolidated Sun Ray, Inc. &/or Any Affiliated or Susbidiary Companies or Corporations, AIMA, by The Steel Insurance Company of America at Chicago, Illinois," which is the policy in suit. This is an admission by the defendant

that the clause in question is an integral part of the policy issued to the plaintiff and is, therefore, supported by the original consideration.

Many States, as a condition precedent to permitting an insurance company to engage in business therein, require it to designate an agent, or a public official, usually the Insurance Commissioner, upon whom service of process may be made. Pennsylvania has such a requirement under the Act of 1921, May 17, P.L. 682, Art. III, § 301, 40 P.S. § 421, which deals with the requisites for foreign insurance companies to do business in the State, and the Act of 1921, May 17, P.L. 789, Art. II, § 210, as amended, 40 P.S. § 48, relating to service of process upon the Insurance Commissioner.

■ By the second paragraph of the above "service of suit clause," the defendant, without actually registering, sought to give the assured the same right to sue the defendant in Pennsylvania (or in any other State which has a similar statute) by service of process upon the Insurance Commissioner as if the defendant had actually registered to do business in this State. It was designed to assure the insured that it would not have to travel to the domicile of the defendant to assert its legal rights under the policy and must be construed so as to carry out that intention. Service upon the Insurance Commissioner of Pennsylvania is, therefore, in conformity with the Federal Rules of Civil Procedure, Rule 4(d) (3), 28 U.S.C. which in the case of a foreign corporation provides for service upon its "agent authorized by appointment or by law to receive service of process * * *." Such service removes all questions as to jurisdiction of the person. Kenny v. Alaska Airlines, Inc., D.C.S.D.Cal.1955, 132 F.Supp. 838; Neirbo Company v. Bethlehem Shipbuilding Corporation, 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167; Owens v. Harkins, D.C.M.D.Ala.1955, 18 F.R.D. 62. The designation of the Insurance Commissioner as agent for service in the State amounts also to a consent to be sued in the United States District Court.

Mississippi Pub. Corporation v. Murphree, 1946, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185.

■ By the first paragraph of the service of suit clause, the defendant agreed to submit to the jurisdiction of any Court of competent jurisdiction in the United States. We are of the opinion that by it defendant has waived its right to object to venue or to any irregularity or defect in the service of process. Compare Petrowski v. Hawkeye-Security Insurance Company, 1956, 350 U.S. 495, 76 S.Ct. 490, 100 L.Ed. 639, where a stipulation by which the defendant voluntarily submitted to the jurisdiction of the Court was held to be a waiver of the defendant's right to assert a lack of personal jurisdiction. There would seem to be little reason for distinguishing a stipulation from a solemn agreement to submit executed prior to suit where the defendant was notified of the proceedings and appeared to contest the action. See, Restatement, Judgments, § 18, comment (c).

The Pennsylvania Unauthorized Insurers' Process Act of 1949, May 20, P.L. 1491, 40 P.S. § 1005.1, etc., upon the theory of "implied consent" constitutes the Insurance Commissioner the statutory agent for the service of process upon a foreign insurance company in any action arising out of a contract of insurance which was solicited, issued or delivered within the state or the payments of premium or any other transaction of insurance business occurring here. Plaintiffs seek to bring this action within the provisions of this Act probably because it provides in sections 3 and 4 thereof for the filing of a bond by the defendant in such amount as the Court may deem sufficient to secure the payment of the plaintiffs' claim, and also for a substantial counsel fee. The defendant, on the other hand, seeks to avoid these onerous provisions and urges us to find that the present action does not come within the purview of the Act because the policy was neither solicited, issued nor delivered in this State, nor were the premiums collected here.

Because of our opinion that this Court has acquired jurisdiction of the defendant by virtue of the provisions of the "service of suit clause," we do not deem it necessary to decide whether the case comes within the provisions of the Unauthorized Insurers' Process Act of Pennsylvania. If we were to decide that the Act does not apply, we would still have to dismiss the present motion. On the other hand, were we to decide this case does come within the purview of that Act, we could not sustain the defendant's objection that the affidavit of compliance was not filed as provided in the Act.

The affidavit is not part of the service of process but is part of the return of service and was designed to place the Court in a position to proceed with the cause to a judgment by default in the event that the insurance company failed to appear to defend the action. See § 2(d) of the Act. The provisions of the Act are based upon an "implied consent" to service upon the Insurance Commissioner. Where there is an express consent to such service, as by appointment in the policy, it is our view that the filing of an affidavit of compliance is not essential. Section 2(e) of the Act provides that "Nothing in this section contained shall limit or abridge the right to serve any process, notice or demand upon any insurer in any other manner now or hereafter permitted by law." Under an express appointment, service may therefore be upheld under the provisions of the Federal Rules of Civil Procedure, Rule 4(d) (3) as above pointed out and the filing of an affidavit of compliance is not required.

Furthermore, there are no Pennsylvania decisions interpreting the pertinent provisions of the Act to aid us in determining whether this suit comes within the framework of the Act. We, therefore, deem it best that the question should await a decision upon a hearing when evidence can be taken and the facts fully developed should that question later become important.

Defendant's motion to quash service of the summons on the basis of improper venue and of improper service of the summons and complaint, and to dismiss the complaint for want of jurisdiction of the Court over the person of the defendant, is denied.