**Robin A. GEAR, Plaintiff,**

v.

**Vasile Ohanian CONSTANTINESCU, Defendant.**

**Civ. A. No. 89–1296(SSB).**

United States District Court, D. New Jersey.

July 20, 1990.

Michael Patrick Mullen, Cherry Hill, N.J., for plaintiff.

Green, Lundgren & Ryan by Daniel J. Distasi, Haddonfield, N.J., for defendant.

## OPINION

BROTMAN, District Judge.

Currently before the court is defendant's motion to dismiss for lack of *in personam* jurisdiction and, in the alternative, his motion to dismiss based on *forum non conveniens.* For the reasons stated herein, defendant's motion will be denied.

## I. FACTS AND PROCEDURE

On March 30, 1989, plaintiff filed a complaint in this court as a result of an automobile accident that occurred at the Hunter Mountain Ski Slope festival grounds in Hunter Village, New York on July 16, 1988. Defendant's car allegedly rear-ended the car that plaintiff was driving. Defendant filed his answer to the complaint on June 21, 1989. Defendant is a resident of Queens, New York and works in New York. He maintains he has no contacts with the state of New Jersey that permit this court to exercise jurisdiction over him. In the alternative, defendant maintains that to subject him to litigation in a state to which he has no connection offends judicial

notions of fair play and substantial justice; therefore, this court should dismiss the action based on *forum non conveniens.* Plaintiff argues that defendant's jurisdictional motion was filed after the final date set for such motions in this court's Scheduling Order of August 2, 1989 and, therefore, this court should not consider it.

## II. DISCUSSION

### A. *Personal Jurisdiction.*

■ The due process clause "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he or she has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–72, 105 S.Ct. 2174, 2181, 85 L.Ed.2d 528 (1985) (quoting *International Shoe v. Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 159–60, 90 L.Ed. 95 (1945)). The due process clause requires that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign. *Id.* (citing *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (Stevens, J., concurring in judgment)). The constitutional touchstone is whether the defendant purposefully established minimum contacts in the forum state. *Id.* at 474, 105 S.Ct. at 2183. Under due process, "the defendant's conduct and connection with the forum state [must be] such that he [or she] should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980).

■ Jurisdiction over the person, however, is a waivable defect that must be asserted early in the action by the party who would take advantage of it. C. Wright, A. Miller, E. Cooper, 13 Federal Practice and Procedure § 3522, at 78 (citing *Petrowski v. Hawkeye–Security Ins. Co.,* 350 U.S. 495, 76 S.Ct. 490, 100 L.Ed. 639 (1956)). Rule 12(h)(1) of the Federal Rules of Civil Procedure provides:

> A defense of lack of jurisdiction over the person ... is waived (A) if omitted from a [preanswer] motion ... or (B) if it is neither made by [preanswer] motion nor included in a responsive pleading or an amendment thereof.…

Fed.R.Civ.P. 12(h)(1). Notably, defendant raised the issue of lack of *in personam* jurisdiction in his answer. Answer at ¶ 6 ("Personal jurisdiction of the defendant has not been obtained in this matter under the laws and statutes of New Jersey"). Thus, he has not waived this defense under Rule 12(h)(1).

Nonetheless, defendant filed his motion to dismiss for lack of jurisdiction on November 27, 1988, more than two months after the scheduling deadline for jurisdictional motions. Counsel for defendant submits that settlement negotiations between plaintiff's attorney and defendant's insurance carrier delayed his filing of the motion to dismiss because the motion would be unnecessary if the matter settled out of court. Ongoing settlement negotiations, however, do not give cause to ignore the court's Scheduling Order. In fact, defendant could have asked the court for an extension of time to file jurisdictional motions to preserve his right to do so.

The statute of limitations for filing this action in New York is three years, *see* N.Y.Civ.Prac. L & R. § 214; thus, plaintiff may still file a timely complaint in a New York court, which presumably would have *in personam* jurisdiction over this defendant. Dismissal of this case, therefore, would not cause an extremely unfair result because plaintiff's cause of action is not extinguished.

This court concludes that defendant has waived his right to assert lack of personal jurisdiction over him by failure to file timely his motion to dismiss on that basis. Although defendant raised the defense in his answer, he failed to comply with the express order of this court to file jurisdictional motions by September 12, 1989. Defendant's motion to dismiss based on lack of personal jurisdiction will be denied as untimely under this court's Scheduling Order.

### B. *Forum Non Conveniens.*

A district court may, in the exercise of its sound discretion, dismiss a case "when

an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish oppressiveness and vexation to a defendant ... out of all proportion to the plaintiff's convenience' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981) (quoting *Koster v. American Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 831–32, 91 L.Ed. 1067 (1947)). A district court entertaining a *forum non conveniens* motion must first decide whether an adequate alternative forum exists to hear the case. *Piper,* 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22. Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction. If there is an adequate alternative forum, the district court must consider and balance several private and public interest factors that are relevant to the *forum non conveniens* determination. *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43 (3d Cir.1988) (citations omitted).

Plaintiff's choice of forum should rarely be disturbed unless the balance of factors is strongly in favor of the defendant. *Id.* The defendant bears the burden of persuasion as to all elements of the *forum non conveniens* analysis. *Id.* at 43–44. To carry its burden, defendant "must provide enough information to enable the District Court to balance the parties' interests." *Id.* at 44 (quoting *Piper,* 454 U.S. at 258, 102 S.Ct. at 267).

The private interest factors, as set forth by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), include:

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses; ... and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.

*Id.* To examine the relative ease of access to sources of proof, and the availability of witnesses, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action. *Van Cauwenberghe v. Biard,* 486 U.S. 517, 528, 108 S.Ct. 1945, 1952–53, 100 L.Ed.2d 517 (1988) (quoting *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843).

The *Gulf Oil* Court also observed that "[f]actors of public interest also have place in applying the doctrine [of *forum non conveniens*]." 330 U.S. at 508, 67 S.Ct. at 843. These factors include:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper,* 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 (quoting *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843). In evaluating the public interest factors, the district court must "consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Van Cauwenberghe,* 486 U.S. at 528, 108 S.Ct. at 1953.

Applying these factors, this court finds that defendant has failed to overcome the presumption in favor of plaintiff's chosen forum. Initially, the court notes that New York courts are a suitable alternative forum for this matter. The incident occurred in New York State. The defendant lives in New York State and is amenable to process there.

Examining the private factors, the court finds that the balance tips in favor of the plaintiff's chosen forum. To examine the relative ease of access to sources of proof

and the availability of witnesses, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action. Here, the incident occurred in New York State. Plaintiff resides in New Jersey, as do the passengers in her car who are potential witnesses. Courts in New York would have availability of compulsory process for attendance of unwilling witnesses from upstate New York that would not be available to this court; however, defendant has failed to show that any such witnesses exist. The proximity of New Jersey and New York make the cost of obtaining willing witnesses for trial not overly burdensome. The court finds that the proximity of New Jersey and New York and the residence of several witnesses in New Jersey provide relatively easy access to sources of proof. Likewise, this case is a simple tort action against a single defendant that does not present practical problems that would make trial of the case unnecessarily complex, unduly long, or excessively expensive.

The public factors also weigh in favor of plaintiff's chosen forum. While the factor of court congestion does not favor either forum, the local interest in having localized controversies decided at home weighs in favor of plaintiff's chosen forum because, as a resident, she is entitled to litigate in her home forum. At least one factor, the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action, weighs in favor of a New York forum. This court, however, frequently must apply the law of other jurisdictions. This task does not create an undue burden on the court. The factor of avoidance of unnecessary problems in conflict of laws weighs only slightly in favor of a New York forum because this simple tort case does not present a thorny choice of law question. Additionally, there is no imposition on local citizens to serve on jury duty to adjudicate the rights of a local resident.

In sum, defendant has failed to meet his burden to overcome the strong presumption in favor of plaintiff's chosen forum. While some factors favor defendant here, the court can not conclude that the factors "establish oppressiveness and vexation to a defendant ... out of all proportion to the plaintiff's convenience." *Koster v. American Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947).

### III. CONCLUSION

This court will deny defendant's motion to dismiss for lack of *in personam* jurisdiction because defendant's motion did not comply with this court's scheduling order; thus, defendant waived this objection to the court's jurisdiction. Additionally, the court will deny defendant's motion to dismiss for *forum non conveniens* because defendant failed to meet his burden to overcome plaintiff's choice of forum.